**FILED**
**CLERK**

7/17/2019 2:01 pm
For Online Publication Only
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ROBERT CURRY,

                     Plaintiffs,

    -against-

TOWN OF ISLIP, PHILIP NOLAN,
ROBERT H. FINNEGAN, RICHARD K.
BAKER,

                   Defendants.
--------------------------------------------------------X

**ORDER**
13-CV-3597 (JMA) (SIL)

**AZRACK, United States District Judge:**

This action was commenced by pro se Plaintiff Robert Curry on June 25, 2013, by the filing

of a summons and complaint.  After Plaintiff's repeated failures to appear for a deposition and at

numerous conferences before Magistrate Judge Locke, Defendants moved to dismiss the case for

lack of prosecution.  (ECF No. 70.)  For the following reasons, the motion is granted.

At a status conference before Judge Locke on June 18, 2018, Plaintiff was directed to

provide the defendants with three dates on which he could be deposed.  (ECF No. 57.)  It appears

that Plaintiff failed to comply with that directive.  Plaintiff then failed to appear for a further

conference before Judge Locke on October 29, 2018.  (ECF No. 62.)  The conference was

rescheduled for December 17, 2018 and a copy of the Order rescheduling the conference was

mailed by the Court to Plaintiff at his address on the docket sheet.  A copy of the Order was also

served on Plaintiff by defense counsel.  (ECF No. 63.)

Plaintiff appeared at the December 17, 2018 conference.  Judge Locke ordered Plaintiff to

appear for his deposition on February 1, 2019 at defense counsel's office and set a further status

conference on February 7, 2019.  (ECF No. 64.)  Counsel for Defendants attempted to call Plaintiff

numerous times on January 28, 2019 and January 30, 2019 to confirm his deposition, but there was no answer and defense counsel was unable to leave a message at the telephone numbers that had been provided. Plaintiff failed to appear for his deposition and for the conference. (ECF No. 66.)

Judge Locke rescheduled the conference for March 4, 2019. A copy of the Order rescheduling the conference was mailed to Plaintiff at his address on the docket sheet. Plaintiff was warned that repeated failures to appear would result in dismissal of his case for failure to prosecute. Defense counsel also mailed Plaintiff a letter informing him of the Conference date and time.

Plaintiff did not appear for the March 4, 2019 conference before Judge Locke. (ECF No. 67.) The conference was rescheduled for April 11, 2019. A copy of the Order rescheduling the conference was mailed to Plaintiff at his address on the docket sheet. Plaintiff was again warned that repeated failures to appear would result in dismissal of his case.

On April 5, 2019, counsel for Defendants submitted a letter requesting adjournment of the conference. (ECF No. 68.) The letter stated that defense counsel had been unable to reach Plaintiff for consent, as "all the telephone numbers on file are not in service and/or voicemail boxes are not set up." Judge Locke granted the adjournment request and the conference was rescheduled for April 30, 2019. A copy of the Order was mailed to Plaintiff at his address on the docket sheet.

Plaintiff did not appear at the April 30, 2019 conference. (ECF No. 69.) Plaintiff has not communicated with defense counsel or the Court since his appearance at the December 17, 2018 conference.

Federal Rule of Civil Procedure 41(b) provides, in pertinent part, "for failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for

dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b). The district court also has the inherent power to dismiss a case <u>sua</u> <u>sponte</u> for lack of prosecution or noncompliance. <u>Merker v. Rice</u>, 649 F.2d 171, 173 (2d Cir. 1981). The Second Circuit considers five factors when reviewing a district court's order of dismissal for failure to prosecute, including: (1) the duration of the plaintiff's failures; (2) whether the plaintiff received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the court struck the appropriate balance between alleviating the court calendar with protecting the plaintiff's right to due process; and (5) whether the judge adequately assessed the efficacy of lesser sanctions. <u>Shannon v. G.E. Co.</u>, 186 F.3d 186, 193 (2d Cir. 1999). Generally, no single factor is dispositive. <u>Id.</u>

Plaintiff failed to appear at his Court-ordered deposition and three consecutive Court conferences, despite having received mailings from the Court and defense counsel advising him of the dates. Plaintiff has not responded to Defendants' letters and has not attempted to contact defense counsel's office or the Court. He has effectively abandoned this action. Judge Locke warned Plaintiff that repeated failures to appear at scheduled conferences would result in the dismissal of the case. Sanctions short of dismissal would likely be ineffective in this case given Plaintiffs' repeated failures to appear to at conferences before Judge Locke. Accordingly, the Court dismisses Plaintiff's claims for failure to prosecute and noncompliance. The Clerk of Court is directed to close this case and to mail a copy of this Order to Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Date:   July 17, 2019                                       /s/ (JMA)
        Central Islip, New York                   JOAN M. AZRACK
                                  UNITED STATES DISTRICT JUDGE